# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
October 12, 2011 Session

## KATHRYN A. DUKE v. HAROLD W. DUKE, III

**Appeal from the Chancery Court for Williamson County**
**No. 33519      Timothy L. Easter, Chancellor**

_____

**No. M2009-02401-COA-R3-CV - Filed June 1, 2012**

_____

PATRICIA J. COTTRELL, dissenting in part.

I disagree with the majority's analysis of the requirements for rehabilitative alimony. All types of alimony are statutory, and the legislature's definitions must be applied. The legislature has stated that it intends that an economically disadvantaged spouse be rehabilitated, through an award of rehabilitative alimony, whenever rehabilitation possible. Tenn. Code Ann. § 36-5-121(d)(2).

In response to some judicial decisions regarding how to determine if a spouse can be rehabilitated, the legislature enacted a definition. Tennessee Code Annotated § 36-5-121 provides in parts (d)(2) and (e)(1) that "to be rehabilitated" means

> to achieve, with reasonable effort, an earning capacity that will permit the economically disadvantaged spouse's standard of living after the divorce to be reasonably comparable to the standard of living enjoyed during the marriage, or to the post-divorce standard of living expected to be available to the other spouse, considering the relevant statutory factors and the equities between the parties.

The trial court did not explain its conclusion that the wife herein could be rehabilitated in light of the statutory definition. Based on my review of the facts, I cannot conclude that the evidence establishes that the wife's post-divorce earning capacity will allow her a standard of living comparable to Husband's. Accordingly, I would hold that the facts preponderate against the trial court's finding that the wife can be rehabilitated.

_____
PATRICIA J. COTTRELL, JUDGE